## HUTCHINSON & CO. v. WATKINS.

1. Evidence: DECLARATIONS. The declarations of a competent witness not a party to the suit, who is alive and within reach of the process of the court, are hearsay, and are inadmissible.

2. Error: WITHOUT PREJUDICE. The appellant cannot complain of a ruling of the court below refusing to strike certain statements from a deposition, when the same statements appeared in another part of the deposition, to which no exceptions were taken.

3. Fraud: KNOWLEDGE OF GRANTEE. A sale made for the purpose of defrauding creditors, is not fraudulent, unless such purpose was known to the grantee.

4. —— SALE. A sale *bona fide* made by a debtor to one creditor, of his entire property, in payment of his debt, is not fraudulent as to other creditors.

*Appeal from Jackson District Court.*

FRIDAY, DECEMBER 9.

THE firm of J. & J. H. McMurray were indebted to the plaintiffs, S. Hutchinson & Co., in the sum of twelve hundred dollars, and were also indebted to four other firms and persons, in the aggregate, about the same amount. In July, 1862, the plaintiffs sent their agent to Andrew, Jackson county, Iowa, where said firm was doing business, to collect their claim. The McMurrays were both absent, but the one having the care and control of the business, left the key to the store with his wife, advising her that he expected the plaintiffs, whom he owed twelve hundred dollars, would come there to collect their debt, and that he wanted that debt first paid, and instructed her to turn out the goods to plaintiffs in payment of their debt, and to advise with her father, who lived there, about it.

The plaintiff's agent arrived at Andrew a little before noon, and called upon Mrs. McMurray and her father, and arranged to take the stock of goods in payment of their debt. An invoice of the stock was commenced, but after a little progress therein, was abandoned, and the agent with his assistants commenced selling the goods, and had sold about thirty dollars worth, when the defendant, who was sheriff of Jackson county, in the afternoon of the same day, came to the store and levied upon all the goods, by virtue of four different attachments, issued at the suits of the other creditors.

Thereupon the plaintiffs brought this suit to recover the value of the goods. There was a trial by a jury, and verdict for plaintiffs for the value of the goods, and judgment rendered thereon, from which defendant appeals.

*William E. Leffingwell* for the appellant.

*J. Doud, Jr.,* for the appellees.

COLE, J. — I. In the progress of the trial, the plaintiffs introduced Mrs. McMurray as a witness, by whom they 1. EVI- proved that her husband had directed and author-  DENCE: ized her to turn out the goods to plaintiffs in pay-  declara-  tions. ment of their debt; and that she did so. After the plaintiffs had rested their case, the defendant offered to prove by her witnesses that, two days after the alleged sale, McMurray returned home and expressed himself dissatisfied with the sale; and also to prove what he had said before he left about buying more goods and continuing their business, and other statements of said McMurray. This evidence was objected to by plaintiffs, and the evidence was excluded by the court, and this ruling is assigned as error.

We are unable to see that there was any error in the action of the court. McMurray was still alive and within reach of the process of the court, and was a competent witness. Under such circumstances, his declarations were but hearsay evidence, and, as such, clearly inadmissible.

II. The plaintiffs took the deposition of their agent, who made the purchase of the goods from Mrs. McMurray, and 2. ERROR in the deposition, in answer to an interrogatory in  without  prejudice. chief, the agent stated what Mrs. McMurray said about her authority at the time she delivered the key to the store and possession of the goods to him. The defendant moved to suppress a certain portion of the deposition which professed to give the statements of Mrs. McMurray as to her authority to sell and deliver the goods. This motion was overruled and excepted to, and is now assigned as error.

In the answer to the last cross-interrogatory, the witness again answers, and sets out the same statements of Mrs. McMurray, made at the time she handed him the key to the

store and delivered him the possession of the goods; and there is no motion to suppress this portion of the deposition. It is not necessary for us to decide that the statements were part of the *res gestæ*, and necessarily competent as explaining the act which accompanied them; for, if the court had sustained the motion, the same evidence would still have been before the jury in the answer to the cross-interrogatory. If it was error, then, it was error without prejudice, and, hence, not available on appeal. And, further, Mrs. McMurray testified directly to the same facts before the jury.

III. The defendant, after the court had instructed the jury at length upon the whole case, asked the court to give this instruction: "If the jury believe, from the evidence, that J. H. McMurray, one of the members of the firm of J. & J. H. McMurray, permitted Mrs. McMurray, or J. H. Smith, or both of them, to sell the whole stock of goods of said firm to the plaintiffs, with a view and for the purpose of hindering and delaying their other creditors, then, as to them, the sale is fraudulent and void." This instruction was refused by the court, for the reason, as stated by the court, "that no issue of fraud is made in the pleadings." The refusal to give this instruction is now assigned as error.

It is claimed that, since all technical forms of pleading are abolished, and since such sale as is mentioned in the instruction is within the criminal statutes of this State, a party may avail himself of such defense without pleading it. However this may be, it is not necessary for us now to decide, since the instruction, as asked, is not the law in any case. The purpose to hinder or delay must be known to the grantee before it can be made fraudulent and void as to him.

IV. After the verdict of the jury was rendered, the defendant moved for a new trial, on the ground, *inter alia*, that the same was contrary to the evidence; which motion was overruled, and duly excepted to. We

have examined the evidence with some considerable care, and in our judgment it fully sustains the finding of the jury. Any other finding would have been against the evidence. The plaintiffs were creditors of the McMurrays, of equal legal and equitable right and standing with the attaching creditors, represented by the defendant; and in their race to secure their respective claims, the plaintiffs, possibly by reason of the partiality of the debtors to them, secured a legal advantage by their purchase and possession of the goods in payment of their debt. This advantage cannot and ought not to be defeated by the subsequent attachment of the same goods by less fortunate or more tardy creditors. Their equities being equal, the prior legal right should prevail. The judgment is

Affirmed.